[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The Court has previously ruled that Connecticut has jurisdiction over this post judgment Motion to Modify Visitation (Corradino, J.).
The parties were divorced in Connecticut on June 9, 1997. Thereafter in February 1998, the mother and the minor child Nicholas (born 10/8/94) moved to New Hampshire where they have continued to reside since that time. The father has continued to reside in Connecticut.
On May 8, 1998, the parties agreed on a new visitation schedule in light of the mother and child's move to New Hampshire, which agreement was approved and entered as an order by the Connecticut Court.
Although the agreement of May 1998 provided for a monitoring within four months, neither party sought a review of the visitation nor was any motion made by either party to modify the May 1998 visitation schedule within the four-month period.
In April 1999, the defendant father filed a Motion to Modify CT Page 14148 Visitation.
The Plaintiff's Motion to Dismiss for lack of jurisdiction was denied (Corradino, J.) as set forth above. The plaintiff now claims that Connecticut is a forum non conveniens, an inconvenient forum. (Section 46b-97, C.G.S., U.C.C.J.A.).
An evidentiary hearing was held on this matter on October 12, 1999. The mother testified that for the past year the minor child, aged five, has had irritable bowel syndrome. He is presently under the care of a physician in New Hampshire for this problem. In fact, he has been seen by a second physician concerning this bowel blockage. It is approximately a four to five hour ride from New Hampshire to Connecticut for visitation purposes. The mother claims the child has severe constipation as a result of these long trips. The child's physician has verified the child's medical/bowel problem.
The child has never been examined by a doctor in Connecticut since the time he left the State in February 1998. This medical problem has arisen since his removal to New Hampshire. The child is being seen by a therapist in New Hampshire concerning issues of overnight visitation in Connecticut.
In order for any Court to rule on a modification of the present visitation schedule, it will be necessary to hear medical evidence/testimony concerning the child's present medical condition and future medical care and attention. Further medical evidence will be necessary to determine whether the four to five hour trip from New Hampshire to Connecticut acerbates or effects the minor child's present medical problem. The prognosis and all pertinent medical information are in New Hampshire. Testimony of the therapist will also be necessary with respect to overnight visitation in Connecticut.
This Court finds that substantial evidence concerning the child's present or future care, protection and training are more readily available in New Hampshire where the child has resided and attended school since February 1998.
The Court, (Corradino, J.) took into account the P.K.P.A. — Federal Parental Kidnaping Prevention Act of 1980, when arriving at its decision that Connecticut had jurisdiction of this matter. New Hampshire also has jurisdiction by virtue of the fact that the plaintiff and minor child now reside in New Hampshire and CT Page 14149 have been there since February 1998.
In February 1998, Connecticut was the home State of the minor child. The parties agreed that Connecticut would have jurisdiction and be the home State for purposes of resolving the visitation issue which would be addressed after the February move. In fact, the visitation issue was addressed in the May 8, 1998 Agreement. The P.K.P.A. does not affect § 46-97 Connecticut General Statutes which deals with the issue of inconvenient forum.
This Court determines that it is an inconvenient forum to make a determination concerning the Modification of Visitation and accordingly declines jurisdiction. The Court in New Hampshire is a more appropriate forum to hear this matter.
This Court stays the present proceedings for a period of 90 days so that Modification of Visitation proceedings can be promptly commenced in New Hampshire.
COPPETO, J.